UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

             Plaintiff,          Case No. 1:14-cv-1081

v.                                          Hon. Robert J. Jonker

KHRIS NEVINS, *et al.*,

             Defendants.
                                  /

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff is a prisoner incarcerated in the Michigan Department of Corrections (MDOC) who has filed a § 1983 civil rights action against seven defendants for claims related to interference with mail, interference with grievances, retaliation, invasion of privacy, and interference with religious rights. This matter is now before the Court on plaintiff's "Motion for preliminary injunction or temporary restraining order against Defendant Erica Huss" (ECF No. 53).

**I.**    **Discussion**

Plaintiff seeks a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a).[1] "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See, e.g.*, *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) ("[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its

---

[1] While plaintiff's motion refers to seeking either a preliminary injunction or a temporary restraining orders, there is no basis for issuing a temporary restraining order because he has not set forth "specific facts in an affidavit" which "clearly show that immediate and irreparable injury, loss , or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). *See* discussion, *infra*.

merits"). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted).

Here, plaintiff seeks the issuance of a mandatory injunction to alter the status quo by having this Court "enjoin[] defendant Huss for retaliatory acts of arbitrary interference of plaintiff's transfer." Prel. Inj. at PageID.187. This claim is apparently related to a statement which defendant Huss made to plaintiff on September 29, 2016 "that as long as she is the deputy warden at Marquette prison, plaintiff will never be transferred to a minimum security prison" and "that if plaintiff had never filed a lawsuit against her, she would have allowed plaintiff minimum security placement." *Id*. at PageID.185-186. *See also*, Jackson Declaration (ECF No. 54-1, PageID.192).

Plaintiff is not entitled to a preliminary injunction because the requested relief is unrelated to the 21 claims alleged in his lawsuit, all of which arose between January 2013 and June 2014. *See* Order (ECF No. 45, PageID.161-164) (listing plaintiff's claims). While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). The only injunctive relief requested in this lawsuit involves a dietary matter, i.e., plaintiff's request "that defendant Chaplain is ordered to reinstate plaintiff on the vegan diet." Compl. (ECF No. 1, PageID.13). Plaintiff's present motion seeks an injunction involving his security classification in

2

September 2016, an unrelated matter which occurred years after the incidents alleged in his complaint. The requested injunction involves a claim "lying wholly outside the issues in the suit." *See De Beers Consolidated Mines*, 325 U.S. at 220. For this reason, plaintiff's motion for a preliminary injunction should be denied.

## II. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for a preliminary injunction (docket no. 53) be **DENIED**.

Dated: August 11, 2017             /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).